# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LAKE RIDGE NEW TECH SCHOOLS, and LAKE RIDGE MULTI PURPOSE SCHOOL BUILDING CORPORATION, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO.: 2:17-CV-388-TLS ) |
| THE BANK OF NEW YORK MELLON, TRUST COMPANY, N.A., and BRADLEY MOSS, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion to Remand [ECF No. 11], filed, on November 3, 2017. Defendants Bank of New York Mellon Trust Company, N.A. ("the Bank") and Bradley Moss filed a Response [ECF No. 14] on November 17, 2017. There has been no reply, and the deadline for filing a reply has passed. Therefore, this matter is fully briefed and ripe for review.

## BACKGROUND

On August 2, 2017, Plaintiffs Lake Ridge New Tech Schools ("New Tech School") and Lake Ridge Multi Purpose School Building Corporation, Inc. ("Building Corp.") filed a Complaint [ECF No. 5] against the Defendants in the Lake Circuit Court. The Complaint alleges that the Plaintiffs are corporations with their principal places of business in Indiana, Moss is a resident and citizen of Indiana, and the Bank has its principal place of business in California. They further allege that Plaintiff Building Corp. and the Bank executed a Trust Indenture Agreement ("Agreement") which governed the issuance and redemption of municipal bonds to

fund the renovation of Calumet High School ("Project") via a trust ("Trust"). Under the Agreement, the Bank was to act as the Trustee and was authorized to employ agents, attorneys, and counsel to administer and execute the Trust. The Bank assigned Moss, who was an employee of the Bank, to administer the trust account. The Complaint alleges that, pursuant to the Agreement, the Bank was responsible for any default or misconduct by any agent or employee that it appointed if the agent or employee was not selected with reasonable care, or if the agent or employee engaged in willful misconduct or gross negligence. Construction funds for the Project were deposited and held in the trust account, and the Bank, as Trustee, made payments to contractors and vendors on the Project from the trust account upon the submission of a pay affidavit from Plaintiff Building Corp. that complied with a specified protocol. On October 12, 2016, an improperly submitted pay affidavit ("Pay Affidavit") was sent to the Bank from Plaintiff Building Corp.'s representative's email account. Moss was not in the office that day. The Bank's agents and employees processed and paid $120,882.83 from Plaintiff Building Corp.'s Trust account based upon the Pay Affidavit. However, the Pay Affidavit was fraudulent. The Plaintiffs allege that the Bank should have been on notice that the Pay Affidavit was fraudulent based on several discrepancies. The Plaintiffs demanded that the Bank credit $120,882.83 to the Trust, but the Bank refused to do so.

The Plaintiffs assert breach of contract against the Bank, as well as negligence and gross-negligence against the Bank and Moss. The negligence claim alleges in relevant part that Bank employees—including Moss—had a duty to refrain from acting in a grossly negligent manner in administering and executing the Trust, and that Moss acted in a grossly negligent manner in making $120,882.83 in unauthorized vendor payments from the trust account based upon the

clearly fraudulent Pay Affidavit. The Plaintiffs also allege that Moss was grossly negligent in failing to ensure that the correct protocol would be followed during his absence.

On October 6, 2017, the Defendants filed a Notice of Removal [ECF No. 1] premised on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446, asserting that Moss was fraudulently joined solely for the purpose of defeating diversity jurisdiction. On November 3, 2017, the Plaintiffs filed the instant Motion for Remand, arguing that there is no diversity jurisdiction because the Plaintiffs and Moss are citizens of Indiana, and Moss was not fraudulently joined. Included in the Defendants' Response in Opposition to the Motion for Remand was a supporting declaration executed by Moss. Moss's declaration states that Moss was never the Trustee of the funds, that the Bank asked Moss, at times, to administer the Plaintiffs' trust account pursuant to the Agreement, that Moss was on vacation and not in the office at the relevant times, and that the Bank assigned another employee to administer the Agreement during Moss's absence.

## ANALYSIS

A civil case brought in state court may be removed to federal court as long as the district court has original jurisdiction and the notice of removal is timely. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) (citing 28 U.S.C. §§ 1441, 1446). "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) (citing *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758–59 (7th Cir. 2009)); *see Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (a party seeking to invoke federal jurisdiction must support jurisdictional allegations with

"competent proof"). When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that a case belongs in federal court. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006).

A case may be properly removed from state court to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. For diversity jurisdiction to exist, the parties are required to be diverse of citizenship, and the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete' meaning that no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (citations omitted). Here, the Complaint seeks more than $75,000 in damages, and it alleges that the Plaintiffs have their principal places of business in Indiana, and thus, are considered citizens of the state of Indiana. *See* 28 U.S.C. § 1332(c)(1). It also alleges that Defendant Moss is a citizen of Indiana, thereby defeating diversity jurisdiction for lack of complete diversity between the parties.

The Defendants removed the Complaint to federal court, asserting that the Plaintiffs fraudulently joined Moss to avoid diversity jurisdiction. "A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur*, 577 F.3d at 763 (citations omitted). Courts may disregard parties fraudulently joined in determining whether diversity of citizenship exists. *See id*. "To establish fraudulent joinder, a removing defendant 'must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Morris*, 718 F.3d at 666 (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). "In conducting this analysis, a district court must turn to state law to determine whether the plaintiff has any reasonable possibility of success." *Schur*, 577 F.3d at 764; *see also Poulos*, 959 F.2d at

73 ("[T]he federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?"). To decide whether a defendant has been fraudulently joined, a court "can pierce the pleadings to consider summary judgment-type evidence, such as affidavits." *Millman v. Biomet Orthopedics, Inc.*, No. 3:13-CV-77, 2013 WL 6498394, at *2 (N.D. Ind. Dec. 10, 2013); *see also Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842, 848 (S.D. Ill. 2006) (noting that fraudulent joinder considerations are "limited to uncontroverted summary evidence which establishes unmistakably that a diversity-defeating defendant cannot possibly be liable to a plaintiff under applicable state law"). Because Indiana law governs the Plaintiffs' claims, the relevant inquiry is whether there is a reasonable possibility that an Indiana court would find in Moss's favor on the negligence claim against him. Under Indiana law, to prove negligence, a plaintiff must prove three elements: "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach." *Kramer v. Catholic Charities of Diocese of Fort Wayne-S. Bend, Inc.*, 32 N.E.3d 227, 231 (Ind. 2015).

Defendants argue that the negligence claim against Moss is improper because the Agreement governs the relationship between the parties, and Moss owes no independent duty to the Plaintiffs. Defendants rely on *Greg Allen Construction Company v. Estelle*, 798 N.E.2d 171 (Ind. 2003), in which the plaintiffs sued a corporate contractor and its president, Greg Allen, for defective work performed on their home, alleging breach of contract and negligence. The Indiana Supreme Court found that "[a]ny duty Allen had to perform . . . flowed from this contract." *Id*. at 173.

> Whatever negligence is attributed to Allen was performed in the course of his duties as an employee of the corporation. Under the traditional *respondeat superior* doctrine, if Allen is liable in negligence to the [plaintiffs], then so is his principal,

5

> the corporation. That result would convert most breach of contract claims into negligence claims.
>
> . . .
>
> The basic theory underlying the distinction between contract and tort is that tort liability is imposed by law and that contract liability is the product of an agreement of the parties. But only the principal, who is a party to the contract, has agreed to perform the obligations of the agreement. To impose "the same" liability on the agent is to make the agent the promisor when the parties had arranged their affairs to put the principal, and only the principal, on the line.

*Id*. (internal citations omitted). The Court explained that a "defendant's exposure to tort liability is best framed in terms of what the defendant did." *Id*. It found that Allen was not liable because "his negligence consisted solely of his actions within the scope of his authority in negligently carrying out a contractual obligation of the corporation as his employer." *Id*. Nothing Allen did constituted an independent tort even if there had been no contract. *Id*. ("[H]ere there is no claim of injury that the law would protect if there were no contract.").

The Court finds that *Estelle* precludes the negligence claim against Moss. Moss's allegedly negligent conduct was performed in the course of his duties as an employee of the Bank. The Plaintiffs allege that, as an employee of the Bank, Moss "had a duty to refrain from acting in a grossly negligent manner in administering and executing the trust."[1] They allege that Moss was grossly negligent in making $120,882.83 in unauthorized vendor payments from the

---

[1] The Plaintiffs contend that Moss's duty is based on the following contract provision:

> The Trustee shall not be responsible in any manner for . . . the default or misconduct of any agent or employee appointed by it, if such agent or employee shall have been selected with reasonable care, or for anything done by it in connection with this trust, except for its willful misconduct or gross negligence. . . .

(Compl. Ex.1 41–42.) This provision addresses the Trustee's liability for willful misconduct or gross negligence, rather than imposing liability on an employee or agent for such conduct. While the Complaint alleges that Moss was Trustee of the Trust, the parties agree that Moss was not the Trustee, but rather, he administered the Trust. Thus, this provision does not support a negligence claim against Moss.

trust account based upon the fraudulent Pay Affidavit. They further allege that Moss was grossly negligent in failing to ensure that the proper protocol would be followed during his absence.[2] Nothing Moss allegedly did would have constituted an independent tort if there had been no Agreement. *See Estelle,* 798 N.E.2d at 173; *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 786 (7th Cir. 2015) ("Under Indiana law, an agent acting within the scope of his authority is not personally liable in carrying out a contractual obligation of the principal.") (citing *Estelle*, 798 N.E.2d at 173); *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 642 (7th Cir. 2015) ("An agent is not liable for the harm that befalls a third party by failing to perform under the contract."). As in *Estelle*, Moss cannot be held liable because his alleged negligence "consisted solely of his actions within the scope of his authority in negligently carrying out a contractual obligation of the [Bank] as his employer." *Estelle*, 798 N.E.2d at 173.

The Plaintiffs did not file a reply or otherwise address the applicability of *Estelle.* The Plaintiffs' memorandum in support of its Motion cites several cases in of support their claim against Moss, but the cases are distinguishable, as they involve individual defendants who may have had an independent duty to plaintiffs specifically recognized under Indiana law. *See, e.g., Trembinski v. Allstate Ins. Co.,* No. 2:06-CV-173, 2006 WL 2435544, at *3 (N.D. Ind. Aug. 21, 2006) ("Negligence claims by insureds against individual insurance agents have at least some support under Indiana law") (citing *Bojrab v. John Carr Agency*, 597 N. E. 2d 376, 378 n.1 (Ind. App. 1992) ("[c]onversations between an insurance agent and an insured may impose upon the agent a duty to exercise reasonable care, skill and diligence" in effecting insurance)); *Walgreen Co. v. Hinchy*, 21 N.E.3d 99, 109 (Ind. Ct. App. 2014), *on reh'g*, 25 N.E.3d 748 (Ind. Ct. App. 2015) ("Indiana law recognizes a relationship between a pharmacist and her customer that gives

---

[2] The Plaintiffs do not dispute that the Bank assigned another employee to administer the Agreement during Moss's absence.

rise to a duty on the pharmacist's part."). Other cases cited by the Plaintiffs are distinguishable in that they did not involve a breach of contract. *See, e.g., Van Swol v. ISG Burns Harbor, LLC,* 491 F. Supp. 2d 807, 813 (N.D. Ind. 2007) (holding "claims based upon the active negligence of a principal, the agent, or both the principal and agent clearly have support under Indiana law" in an action raising premises liability and negligence claims, not breach of contract claims); *Hudgins v. Bemish*, 64 N.E.3d 923, 932 (Ind. Ct. App. 2016) (reversing summary judgment on *respondeat superior* claim where employee caused an accident while driving the employer's vehicle). Based on the holding in *Estelle*, the Plaintiffs' negligence claim against Moss has no chance of success. Therefore, the Plaintiffs' Motion to Remand is denied.[3]

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to remand [ECF No. 11] is DENIED. The Court also DISMISSES Defendant Moss from this action.

SO ORDERED on July 31, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[3] Because the Court finds that *Estelle* precludes the negligence claim against Moss, it need not address Defendants' argument based on economic loss.